IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COURTNEY GROGAN, Successor Trustee of the Joe C. Cole Revocable Trust, under trust agreement dated March 28, 2002, and ATKINSON, HASKINS, NELLIS, BRITTINGHAM, GLASS & FIASCO, an Oklahoma Professional Corporation, <br><br> Appellant/Defendants <br><br> vs. <br><br> MIRANDA KRISTIN RENFROW, <br><br> Appellee/Plaintiff. | Case No. 19-CV-248-TCK-FHM <br><br> Appeal from: Adv Case No. 17-1027-R U.S. Bankruptcy Court N. D. Oklahoma Honorable Judge Dana L. Rasure |

## OPINION AND ORDER

Appellant/Defendants' Combined Motion to Stay Enforcement of Judgment Pending Appeal & To Fix The Amount of Supersedeas Bond, [Dkt. 9], is before the undersigned United States Magistrate Judge for decision.[1] The matter has been briefed, [Dkt. 11, 13], and hearing on the matter was held on June 6, 2019.

## Background

On June 15, 2017, Renfrow received a discharge in bankruptcy entered under § 727 of the bankruptcy code for her dischargeable debts incurred before the March 10, 2017 date of her bankruptcy petition. Following the discharge Grogan prosecuted a state court action against Renfrow and received a judgment against her of $89,500. Renfrow's state court appeal of that judgment is pending.

---

[1] The parties will be referred to by their last names or by their designations before the Bankruptcy Court in the adversary action: Grogan or Defendant; and Renfrow or Plaintiff.

Following a trial in an adversary action before the Bankruptcy Court, the Bankruptcy Court found that Grogan obtained the judgment against Renfrow in the state court action for pre-petition activities and ruled that the state court judgment was void *ab initio*. The Court also found that the conduct of Grogan and her attorney violated 11 U.S.C. § 524(a)(2) and the Bankruptcy Court's discharge order for which compensatory damages of $104,867 and punitive damages of $100,000 were awarded against Grogan and her attorney. [Dkt. 2-1]. The Bankruptcy Court ordered Grogan and her counsel to obtain an order vacating the state court judgment and to dismiss the state court action against Renfrow. *Id*. Grogan appealed the Bankruptcy Court decision to this court and moved for a stay of the judgment, which the Bankruptcy Court denied. [Dkt. 9-1]. As permitted by Fed. Rules Bankr. Proc. 8007, Defendants moved for stay in this court.

At the hearing before the undersigned, the parties represented that they will not attempt to execute on their respective money judgments, so there is no need for a supersedeas bond. Based on the parties representations, that aspect of Defendants' motion is moot.

## **Analysis**

The question that remains is whether the Bankruptcy Court's order to Grogan to obtain an order vacating the state court judgment and to dismiss the state court action against Renfrow should be stayed. The parties agree that the moveant has the burden to establish all of the following four factors:

> 1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> 2) whether the applicant will be irreparably injured absent a stay;

2

> 3) whether issuance of the stay will substantially injure the other parities interested in the proceeding; and
> 4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009). The Bankruptcy Court found that all four factors favored the denial of a stay. [Dkt. 9-1].

The court has not found a case where the Tenth Circuit has addressed whether the district court addresses a motion to stay a Bankruptcy Court order as an appeal of the Bankruptcy Court's denial of a motion for stay, or whether the district court addresses the applicable factors *de novo*. Bankruptcy Court Rule 8007, which provides that a motion for stay may be addressed to the district court does not address the applicable standard to be applied by the district court. In *In re: Lang*, 305 B.R. 905, 911 (10th Cir. BAP 2004), the Bankruptcy Appellate Panel considered an appeal of a Bankruptcy Court decision denying a stay. The *Lang* decision has been cited by other courts in the Tenth Circuit as establishing that the Bankruptcy Court's decision about a stay is reviewed for an abuse of discretion.[2] However, in *Lang* the Court noted that the request for review of the Bankruptcy Court's denial of stay was puzzling given that the Bankruptcy Rule permits the parties to apply anew to the district court. *Lang*, 305 B.R. at 911, n.31.

In the present case, the court is not reviewing the Bankruptcy Court's denial of a stay. The court is deciding the motion anew, applying the same factors considered by the Bankruptcy Court. *See In re: Jet 1 Center, Inc.*, 2006 WL 449252 at *1 (M.D. Fla. 2006)(appeal of Bankruptcy Court denial of stay is reviewed for abuse of discretion, but application to district court for stay is examined *de novo*).

---

[2] *In re: Neighbors*, 2016 WL 8671890 (D. Kan. 2016); *In re: Morrale*, 2015 WL 429502 (D. Colo. 2015).

Likelihood of Success on the Merits

On June 3, 2019, after the Bankruptcy Court decided the case and after the motion for stay was denied, the United States Supreme Court decided *Taggart v. Lorenzen* where it considered the standard to be applied by courts when determining whether to hold a creditor in contempt for attempting to collect a debt that a bankruptcy discharge order has immunized from collection. The Court ruled that a creditor may be held in contempt "when there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order." *Taggart v. Lorenzen*, 587 U.S. —, 139 S.Ct. 1795, 1801 ( 2019). Civil contempt may be appropriate "where the creditor violates a discharge order based on an objectively unreasonable understanding of the discharge order or the statutes that govern its scope." 139 S.Ct. at 1802. The Court stated that a creditor may be held in contempt for violating a discharge order where there is not a "fair ground of doubt" as to whether the creditor's conduct might be lawful under the discharge order. 139 S.Ct. at 1804.

The Bankruptcy Court applied a different standard to the question of whether Defendants' actions constituted civil contempt. The Bankruptcy Court stated the test for whether contempt was established is whether the creditor had actual or constructive knowledge of the discharged debt and intended the actions which were taken in violation of the injunction. [Dkt. 2-1, p. 50]. The *Taggart* Court specifically rejected that standard as operating much like a strict liability standard. 139 S.Ct. at 1803. Since the law concerning the standard to be applied to a determination of contempt has changed, the calculus of whether Defendants are likely to succeed on appeal has also changed.

4

The Bankruptcy Court indisputably applied the wrong standard to the determination about whether Defendant was in contempt of the discharge. As a result, there is a substantial likelihood of success on appeal of that issue. However, the change of the standard for a contempt finding affects only the portion of the Bankruptcy Court's order that pertains to the award of damages. As previously stated, the parties have agreed to forego collection activities on the money judgments pending appeal.

*Taggart* has no effect on the only aspect of the Bankruptcy Court's judgment for which Defendants seek a stay: the order to vacate the state court judgment and dismiss the state court action. [Dkt. 2-1, p. 2]. The court will not exercise its discretion to stay the entire judgment based on a showing of the strong likelihood of success on the aspect of the judgment that the parties have agreed to stay. The court must therefore analyze the likelihood of success on appeal on the aspect of the Bankruptcy Court's order for which Defendants seek a stay. That aspect is the Bankruptcy Court's factual determination that the state court judgment was based on events that, if they occurred at all, occurred pre-petition, [Dkt. 2-1, pp. 32-34, 48, 52] and the resultant conclusion that the state court judgment is void *ab initio* by virtue of the application of 11 U.S.C. § 524(a)(2).

Factual determinations made by the Bankruptcy Court may only be overturned for clear error. *In re Johnson*, 477 B.R. 156, 168 (10th Cir. BAP 2012)(under the clearly erroneous standard the appellate court defers to facts found by the bankruptcy court unless they are without factual support in the record). Nothing Defendants have presented demonstrate a substantial likelihood of success on overturning the Bankruptcy Court's factual determination that the state court judgment was based on conduct that, if it occurred at all, occurred pre-petition. In that regard, Defendants contend that they have a high

5

likelihood of success because the jury was instructed it could not enter a judgment against Renfrow for any pre-petition transfers. The Bankruptcy Court addressed this contention. [Dkt. 9-1, p. 9]. As discussed further below, the court agrees with the Bankruptcy Court that since Defendants could not establish issue preclusion, there was no obstacle to the Bankruptcy Court's consideration of evidence relevant to determining whether the alleged fraudulently made transfers had been discharged in bankruptcy.

A bankruptcy court's legal conclusions are reviewed *de novo*. *Id*. The question of the applicability of the *Rooker-Feldman* doctrine is a legal conclusion. Defendants' argue that, based on the *Rooker-Feldman* doctrine, the Bankruptcy Court lacked the jurisdiction to review the state court's judgment. On that question, the court is unable to add anything to the Bankruptcy Court's analysis. The court finds that Defendants have not made a strong showing of likelihood of success on appeal on that issue. The court finds that the holding in *Exxon Mobile Corp. v. Saudi Basic Industrial Corp.*, 125 S.Ct. 1517, 161 L.Ed. 2d 454 (2005), establishes that the Rooker-Feldman Doctrine does not affect the Bankruptcy Court's jurisdiction over the parties' dispute or otherwise operate as a bar to the effectiveness of the Bankruptcy Court's order. *See also*, *In re Ebel*, 139 Fed.Appx. 26, 29 (10th Cir. 2005)(addressing *Rooker-Feldman* in the context of the automatic stay agreeing with the Ninth Circuit in *In re Gruntz*, 202 F.3d 1074, 1083 (9th Cir. 2000) a bankruptcy court does not conduct an improper review of a state court when it enforces an automatic stay that issues from its own federal statutory authority).

Defendants assert that the doctrine of issue preclusion applied to prevent Renfrow from arguing that the fraudulent transfer claim asserted in state court was precluded by the bankruptcy discharge injunction. [Dkt. 11, p. 13]. The court finds that Defendants have not

6

made a strong showing of the likelihood of success on appeal on this issue. The issue preclusion doctrine requires the existence of a valid final judgment on the merits and Defendants' state court judgment is not final under Oklahoma law as that appeal is still pending. *See Nealis v. Baird*, 996 P.2d 438, 459 (Okla. 1999). Aside from the lack of finality of the Defendants' state court judgment, a federal court need only give full faith and credit to valid state court judgments. A state court judgment that is violative of the debtor's bankruptcy discharge is void under 11 U.S.C. § 524(a)(2). A void judgment is not a valid judgment and therefore is not entitled to the full faith and credit embodied in issue preclusion. *See In re Pavelich*, 229 B.R. 777, 782 (9th Cir. BAP 1999) (11 U.S.C. § 524(a) is a statutory exception to the Full Faith and Credit Statute and a void judgment may be collaterally attacked), *In re Gray*, 573 B.R. 868, 878-79 (B.Ct. D. Kan. 2017)(state court's post discharge *in personam* judgment against Chapter 7 debtor which included discharged debt was void, and legal nullity that neither full faith and credit statute nor issue preclusion barred bankruptcy court from addressing violation of discharge injunction).

The other arguments Defendants make in favor of a stay (denial of requests for discovery about Plaintiff's mental distress, admission of hearsay evidence, and Bankruptcy Court's authority to award punitive damages) are raised entirely in relation to the Bankruptcy Court's money judgment. The court will not address Defendant's likelihood of success on these issues because, as previously stated, the parties have resolved the stay issue among themselves as to the money judgment.

The court rejects Defendants' assertion that a modified likelihood of success standard may be applied where one seeking a stay meets the other three requirements for a stay pending appeal. The Tenth Circuit has formerly deemed the likelihood of success

element satisfied if the applicant shows "questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation." *McClendon v. City of Albuquerque,* 79 F.3d 1014, 1016 (10th Cir. 1996)(further citations omitted). In *Dine' Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276 (10th Cir. 2016) the Tenth Circuit abandoned the modified test as inconsistent with the Supreme Court's decision in *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) which held that the Ninth Circuit had impermissibly deviated from the standard for preliminary injunctions by modifying the likelihood of harm element by granting an injunction where only the possibility, rather than a strong likelihood of irreparable harm was shown. The Tenth Circuit held that any modified test which relaxes any of the prongs for preliminary relief is impermissible. *Dine'* 839 F.3d at 1282. The impermissibility of relaxing one of the factors or prongs applies with equal force to the requirements for a stay pending appeal. *See Pueblo of Pojoaque v. State*, 233 F.Supp.3d 1021, 1092-93 (D. N.M. 2017)(applying *Dine'* to the factors concerning the issuance of a stay).

The likelihood of success on appeal does not weigh in moveants' favor, it is therefore clear that Defendants cannot establish all four required factors and therefore the motion for stay should be denied.

Irreparable Injury to Defendants Absent a Stay

If the Bankruptcy Court judgment is not stayed, Defendants will be required to obtain an order vacating the judgment against Renfrow as void and to dismiss the action against

Renfrow. The court is persuaded that dismissal of the state action would constitute irreparable harm to Defendants.

### Substantial Injury to Plaintiff Resulting from Issuance of a Stay

Even though Defendants have represented that they will not execute on the money judgment pending the outcome of this appeal, the court agrees with the Bankruptcy Court that the very existence of a substantial money judgment for a fraudulent transfer impacts Plaintiff's credit, her reputation, and her ability to obtain permanent employment. This constitutes a substantial injury to Plaintiff that would result from the issuance of a stay.

### Public Interest

The court finds that the public has an interest in the efficacy of bankruptcy discharges. On the other hand, federal and state courts have concurrent jurisdiction over whether a debt has been discharged, as recognized by the Supreme Court in *Taggart*. There the Court quoted the Advisory Committee Note of subd. (c)(1) of Fed.R.Civ.P. 8 that "'whether a claim was excepted from discharge' is 'in most instances' not determined in bankruptcy court." *Taggart*, 2019 WL 2331303 at *5. The Supreme Court's recognition of this fact suggests public interest in the ongoing interplay between bankruptcy discharges and the determination of their scope in state court. The court finds, therefore, that the public interest is neutral concerning a stay.

**Conclusion**

Based on the foregoing discussion, the court finds that Defendants have not made the substantial showing that all four factors weigh in favor of a stay. Appellant/Defendants' Combined Motion to Stay Enforcement of Judgment Pending Appeal & To Fix The Amount of Supersedeas Bond, [Dkt. 9], is DENIED.

SO ORDERED this 2nd day of July, 2019.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE